UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LAZALE ASHBY | : | CIVIL NO. 3:19CV01370 (SRU) |
| v. | : | |
| ANGEL QUIROS, ET AL. | : | MAY 18, 2020 |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES AND JURY DEMAND

In response to the *pro se* complaint filed in this action (Doc. No. 1) the defendants respond as follows:

1. As to paragraph 1, it is denied.

2. As to paragraph 2, it is denied.

3. As to paragraph 3, it is denied.

4. As to paragraph 4, it is denied.

5. As to paragraph 5, it is admitted that plaintiff is a sentenced prisoner confined to the custody of the Commissioner of Correction and assigned to the Northern Correction Institution ("NCI").   The remainder of this paragraph is denied.

6. As to paragraph 6, it is admitted that Angel Quiros was serving as the Interim Commissioner of Correction.   The remainder of this paragraph is denied.

7. As to paragraph 7, it is admitted that Scott Semple was the Commissioner of the Department of Correction from on or about 2014 to on or about 2018.  It is admitted that Commissioner Semple's duties and

responsibilities are set forth by the Connecticut General Statutes which speak for themselves. It is admitted that at all times relevant to this Complaint Commissioner Semple acted within the scope of his employment as the Commissioner for the Department of Correction. As to the remainder of the allegations contained in this paragraph, plaintiff is left to his proof.

8. As to paragraph 8, it appears to be incomplete and therefore no response can be made.

9. As to paragraph 9, there is no such numbered paragraph and therefore no response can be made.

10. As to paragraph 10, it is admitted that Theresa Lantz was the Commissioner of the Department of Correction from on or about 2003 to on or about 2009. It is admitted that Commissioner Lantz' duties and responsibilities are set forth by the Connecticut General Statutes which speak for themselves. It is admitted that at all times relevant to this Complaint Commissioner Lantz acted within the scope of her employment as the Commissioner for the Department of Correction. As to the remainder of the allegations contained in this paragraph, plaintiff is left to his proof.

11. As to paragraph 11, it is admitted that Brian Murphy was the Interim Commissioner of the Department of Correction from on or about 2009 to on or about 2010. It is admitted that Commissioner Murphy's duties and responsibilities are set forth by the Connecticut General Statutes which

speak for themselves. It is admitted that at all times relevant to this Complaint Commissioner Murphy acted within the scope of his employment as the Commissioner for the Department of Correction. As to the remainder of the allegations contained in this paragraph, plaintiff is left to his proof.

12. As to paragraph 12, it is admitted that Edward Maldonado was the Warden of Northern Correction Institution (hereinafter "NCI") from on or about 2011 to on or about 2014. His duties as Warden included directing the activities of the correctional facility and overseeing the staff and inmates assigned to that facility. It is admitted that at all times relevant to this Complaint Warden Maldonado acted within the scope of his employment as Warden of NCI. As to the remainder of the allegations contained in this paragraph, plaintiff is left to his proof.

13. As to paragraph 13, it is admitted that William Mulligan was the Warden NCI from on or about 2016 to on or about 2017. His duties as Warden included directing the activities of the correctional facility and overseeing the staff and inmates assigned to that facility. It is admitted that at all times relevant to this Complaint Warden Mulligan acted within the scope of his employment as Warden of NCI. As to the remainder of the allegations contained in this paragraph, plaintiff is left to his proof.

14. As to paragraph 14, it is admitted that William Faneuff was the Warden of NCI during 2017. His duties as Warden included directing the activities of the correctional facility and overseeing the staff and inmates assigned to

that facility. It is admitted that at all times relevant to this Complaint Warden Faneuff acted within the scope of his employment as Warden of NCI. As to the remainder of the allegations contained in this paragraph, plaintiff is left to his proof.

15. As to paragraph 15, it appears to be incomplete and therefore no response can be made.

16. As to paragraph 16, there is no paragraph 16 and therefore no response can be made.

17. As to paragraph 17, there is no paragraph 17 and therefore no response can be made.

18. As to paragraph 18, there is no paragraph 18 and therefore no response can be made.

19. As to paragraph 19, there is no paragraph 19 and therefore no response can be made.

20. As to paragraph 20, it is admitted that Richard Furey was the Health Services Administrator for NCI.  It is admitted that at all times relevant to this Complaint Mr. Furey acted within the scope of his employment as a Health Services Administrator.  The remainder of the allegations contained in this paragraph are denied.

21. As to paragraph 21, it is admitted that Dr. Mark Frayne is a psychologist who was responsible for providing mental health care to inmates confined at NCI while he was assigned to work at that facility. It is admitted that at all times relevant to this Complaint Dr. Frayne acted within the scope of

his employment as a psychologist.  As to the remainder of the allegations contained in this paragraph, they are denied.

22. As to paragraph 22, it is admitted that Dr. Gerard Gagne is a psychiatrist who was responsible for providing mental health to inmates confined at NCI while he was assigned to work at that facility. It is admitted that at all times relevant to this Complaint Dr. Gagne acted within the scope of his employment as a psychiatrist. As to the remainder of the allegations contained in this paragraph, they are denied.

23. As to paragraph 23, defendants are unaware of the identity of this defendant and therefore leave plaintiff to his proof.

24. As to paragraph 24, plaintiff is left to his proof.

25. As to paragraph 25, it is denied.

26. As to paragraph 26, it is denied.

27. As to paragraph 27, the exhibits A, B and C referenced by plaintiff appear to have been prepared prior to plaintiff entering the custody of the Department of Correction. Exhibit D appears to have been prepared in anticipation of plaintiff's criminal trial by a party not associated with the defendants.  Defendants cannot verify the authenticity of these documents or the truth of the matters stated therein.  Defendants cannot form a belief as to the truth of the matters stated in this paragraph and leave plaintiff to his proof.

28. As to paragraph 28, it is admitted that the document which plaintiff references as Exhibit D, which appears to have been prepared in

anticipation of plaintiff's criminal trial by a party not associated with the defendants. speaks for itself.  Defendants cannot verify its authenticity, or the truth of the matters stated therein.  Defendants cannot form a belief as to the truth of the matters stated in this paragraph and leave plaintiff to his proof.

29. As to paragraph 29, it is admitted.

30. As to paragraph 30, it is admitted.

31. As to paragraph 31, it is admitted.

32. As to paragraph 32, it is admitted.

33. As to paragraph 33, it is admitted.

34. As to paragraph 34, it is admitted.

35. As to paragraph 35, it is admitted.

36. As to paragraph 36, it is admitted that plaintiff was given a mental health initial assessment at MacDougall Walker Correctional Institution on September 15, 2015; that he was assesses with a questionable homicidal ideation, flat mood, flat affect, insomnia, and loss of appetite.  As to the remainder of the allegations contained in this paragraph, they are denied.

37. As to paragraph 37, it is denied.

38. As to paragraph 38, plaintiff does not provide enough information to allow defendants to assess his allegations.   The defendants therefore have insufficient information to form a belief as to the truth of the allegations contained therein and leave plaintiff to his proof.

39. As to paragraph 39, it is admitted that plaintiff remained housed at the MacDougall Walker Correctional Institution (alternating between the MacDougall and Walker buildings) from September, 2003 to October, 2004. As to the remainder of the allegations contained therein, plaintiff does not provide enough information to allow defendants to assess those allegations. Defendants have insufficient knowledge to form a belief as to the truth of the allegations contained therein and leave plaintiff to his proof.

40. As to paragraph 40, it is admitted that plaintiff was transferred to NCI. The remainder of the paragraph is denied.

41. As to paragraph 41, it is admitted.

42. As to paragraph 42, it is denied.

43. As to paragraph 43, it is denied.

44. As to paragraph 44, it is admitted that NCI is a maximum security Level 5 prison facility located in Somers, Connecticut.  As to the remainder of the allegations contained in this paragraph, plaintiff is left to his proof.

45. As to paragraph 45, it is admitted.

46. As to paragraph 46, it is denied.

47. As to paragraph 47, it is denied.

48. As to paragraph 48, it is denied.

49. As to paragraph 49, it is unclear what plaintiff means by his use of the term "units".  Defendants admit that mental health treatment is available to inmates confined at NCI.  Beyond that interpretation, defendants have

insufficient knowledge to form a belief as to the truth of the allegations contained therein and leave plaintiff to his proof.

50. As to paragraph 50, it is denied. There have been high bond units at NCI.

51. As to paragraph 51, it is admitted that plaintiff has been confined to NCI since October 20, 2004.  As to the remainder of the allegations contained in this paragraph, plaintiff is left to  his proof.

52. As to paragraph 52, it is denied.

53. As to paragraph 53, it is denied.

54. As to paragraph 54, it is admitted that this language is contained within Administrative Directive 9.4. As to the remainder of the allegations contained in this paragraph, plaintiff is left to his proof.

55. As to paragraph 55, it is denied

56. As to paragraph 56, it is denied.

57. As to paragraph 57, it is denied.

58. As to paragraph 58, it is denied.

59. As to paragraph 59, it is denied.

60. As to paragraph 60, it is denied.

61. As to paragraph 61, it is denied.

62. As to paragraph 62, it is denied.

63. As to paragraph 63, it is denied.

64. As to paragraph 64, it is denied.

65. As to paragraph 65, it is denied.

66. As to paragraph 66, it is denied.

67. As to paragraph 67, it is denied.

68. As to paragraph 68, it is admitted that plaintiff was removed from Administrative Segregation on or about April 2009. As to the remainder of this paragraph, plaintiff is left to his proof.

69. As to paragraph 69, it is denied although it is admitted that plaintiff remained at Northern CI.

70. As to the first paragraph numbered 70, it is denied although it is admitted that plaintiff remained at NCI.

71. As to second paragraph numbered 70, it is admitted that this language is contained in Administrative Directive 9.4,

72. As to paragraph 71, it is denied.

73. As to paragraph 72, it is denied.

74. As to paragraph 73, it is denied.

75. As to paragraph 74, it is admitted that plaintiff was found guilty of his crimes.  As to the remainder of this paragraph, plaintiff is left to his proof.

76. As to paragraph 75, it is admitted that plaintiff was sentenced to death in 2008, sent to NCI and assigned to the housing unit known as "death row". The remainder of the allegations are denied.

77. As to paragraph 76, it is denied.

78. As to paragraph 77, it is denied.

79. As to paragraph 78, it is denied. On February 14, 2008 plaintiff was not involved in a physical altercation with a Correctional Officer; plaintiff assaulted the Correctional Officer.

80. As to paragraph 79, it is  admitted that plaintiff was placed in Administrative Segregation on or about February, 2008 after he assaulted a correction officer.  Asa to the remainder of this paragraph, plaintiff is left to his proof.

81. As to paragraph 80, it is admitted that Dr. Gaw provided plaintiff with mental health treatment.

82. As to paragraph 81, it is admitted that plaintiff's mental health classification level has changed depending upon his mental health needs at the time. As to the remainder of this paragraph, plaintiff is left to his proof.

83. As to paragraph 82, it is admitted that Dr. Gaw provided mental health treatment for the plaintiff and made appropriate recommendations for treatment. As to the remainder of this paragraph, plaintiff is left to his proof.

84. As to paragraph 83, it is admitted that plaintiff was treated by several mental health providers.  As to the remainder of this paragraph, plaintiff is left to his proof.

85. As to paragraph 84, it is admitted that Dr. Gagne was part of plaintiff's mental health treatment team. As to the remainder of this paragraph, plaintiff is left to his proof.

86. As to paragraph 85, it is admitted that Dr. Mark Frayne is a psychologist who provided the plaintiff with mental health treatment.   As to the remainder of this paragraph, plaintiff is left to his proof.

87. As to paragraph 86, it is denied.

88. As to paragraph 87, it is admitted that plaintiff's mental health classification level has changed depending upon his mental health needs at the time.  As to the remainder of this paragraph, plaintiff is left to his proof.

89. As to paragraph 88, it is admitted that plaintiff claimed to suffer from delusional thinking and received appropriate mental health treatment for this complaint.  As to the remainder of this paragraph, plaintiff is left to his proof.

90. As to paragraph 89, it is denied.

91. As to paragraph 90, it is denied.

92. As to paragraph 91, it is denied.

93. As to paragraph 92, it is denied.

94. As to paragraph 93, it is denied.

95. As to paragraph 94, it is denied.

96. As to paragraph 95, it is denied.

97. As to paragraph 96, it is denied.

98. As to paragraph 97, it is admitted that plaintiff has been confined at NCI since 2004.  As to the remainder of the allegations contained in this paragraph, they are denied.

99. As to paragraph 98, it is denied.

100.     As to paragraph 99, it is denied.

101.     As to paragraph 100, it is admitted that the items listed are contained in the housing unit formerly know as death row.  As to the allegation that the glass causes visual disorientation, it is denied.

102.     As to paragraph 101, it is denied.

103.     As to paragraph 102, it is denied.

104.     As to paragraph 103, it is denied.

105.     As to paragraph 104, it is denied.

106.     As to paragraph 105, it is denied that the phones do not work properly or that there is a plexiglass "screen" between plaintiff and his visitors.   As to the remainder of the allegations contained in this paragraph, they are admitted.

107.     As to paragraph 106, it is admitted that inmates on death row were formerly not allowed access to congregate religious services. As to the remainder of the allegations contained this paragraph, they are denied.

108.     As to paragraph 107, it is denied.

109.     As to paragraph 108, it is denied.

110.     As to paragraph 109, it is admitted that on March 28, 2008  plaintiff was given a total effective sentence of death after being found guilty of violation of Conn. Gen. Stat. §§53a-54b(6), 53a-54b(5), 53a-54c, 53a-70(a)(1),  53a-92(a)(2)(A),  53a-92(a)(2)(B),  53a-92(a)(2)(c)  and 53a-101(a)(2).   As to the remainder of the allegations contained in this paragraph, defendants have insufficient knowledge to for a belief as to their truth and leave plaintiff to his proof.

111.     As to paragraph 110, it is denied.

112.     As to paragraph 111, defendants have insufficient knowledge to form a belief as to the truth of the allegations contained therein and leave plaintiff to his proof.

113.     As to paragraph 112, it is admitted that the Connecticut Legislature enacted a prospective repeal of the death penalty, effective April 25, 2012, in Public Act 12-5 now codified as Conn. Gen. Stat. §18-10b.   The remainder of this paragraph is denied.

114.     As to paragraph 113, Conn. Gen. Stat §18-10b speaks for itself and there is no need for defendants to admit or deny this paragraph.

115.     As to paragraph 114, it is denied.

116.     As to paragraph 115, Eduardo Santiago is not a party to this action. The defendants therefore cannot make a response to this paragraph and instead leave plaintiff to his proof.

117.     As to paragraph 116, Terry Johnson is not a party to this action. The defendants therefore cannot make a response to this paragraph and leave plaintiff to his proof.

118.     As to paragraph 117, the decision reached by the Connecticut Supreme Court in State v. Santiago, 318 Conn. 1 (2015) speaks for itself and there is no need to admit or deny this paragraph.

119.     As to paragraph 118, Administrative Directive 9.4, entitled Restrictive Status, speaks for itself and there is no need to admit or deny this paragraph.

120.    As to paragraph 119, it is admitted.

121.    As to paragraph 120, it is admitted.

122.    As to paragraph 121, there is no paragraph 121 and as such no response can be made.

123.    As to paragraph 122, it is denied.

124.    As to paragraph 123, it is  admitted that plaintiff was placed on High Security Special Circumstances.  As to the remainder of the allegations contained in this paragraph, they are denied.

125.    As to paragraph 124, it is denied.

126.    As to paragraph 125, it is denied

127.    As to paragraph 126, it is denied that plaintiff is housed in solitary confinement.  As to the remainder of the allegations contained in this paragraph, plaintiff is left to his proof.

128.    As to paragraph 127, it is denied that plaintiff is housed in solitary confinement.  As to the remainder of the allegations contained in this paragraph, plaintiff is left to his proof.

129.    As to paragraph 128, it is denied that plaintiff is housed in solitary confinement.  As to the remainder of the allegations contained in this paragraph, plaintiff is denied.

130.    As to paragraph 129, it is denied that plaintiff is housed in solitary confinement.  As to the remainder of the allegations contained in this paragraph, plaintiff is left to his proof.

131.     As to paragraph 130, it is denied that plaintiff is housed in solitary confinement.   As to the remainder of the allegations contained in this paragraph, plaintiff is left to his proof.

132.     As to paragraph 131, it is denied.

133.     As to paragraph 132, it is denied.

134.     As to paragraph 133, it is denied that plaintiff is housed in solitary confinement. As to the remainder of the allegations contained in this paragraph, plaintiff is left to his proof.

135.     As to paragraph 134, it is denied. Plaintiff is not housed in solitary confinement.

136.     As to paragraph 135, it is denied.

137.     As to paragraph 136, it is denied. Plaintiff is not housed in solitary confinement.

138.     As to paragraph 137, it is denied that plaintiff is housed in solitary confinement. As to the remainder of the allegations contained in this paragraph, plaintiff is left to his proof.

139.     As to paragraph 138, it is denied that plaintiff is housed in solitary confinement. As to the remainder of the allegations contained in this paragraph, plaintiff is left to his proof.

140.     As to paragraph 139, it is denied that plaintiff is housed in solitary confinement. As to the remainder of the allegations contained in this paragraph, plaintiff is left to his proof.

141.    As to paragraph 140, it is denied that plaintiff has been tortured.  As to the remainder of the allegations contained in this paragraph, plaintiff is left to his proof.

142.    As to paragraph 141, it is denied that plaintiff has been tortured or is housed in solitary confinement. As to the remainder of the allegations contained in this paragraph, plaintiff is left to his proof.

143.    As to paragraph 142, it is denied.

144.    As to paragraph 143, it is denied that plaintiff is housed in solitary confinement. As to the remainder of the allegations contained in this paragraph, plaintiff is left to his proof.

145.    As to paragraph 144, it is denied that plaintiff is housed in solitary confinement.  As to the remainder of the allegations contained in this paragraph, plaintiff is left to his proof.

146.    As to paragraph 145, it is denied that plaintiff has been tortured or is housed in solitary confinement.  As to the remainder of the allegations contained in this paragraph, plaintiff is left to his proof.

147.    As to paragraph 146, it is denied that plaintiff has been tortured or is housed in solitary confinement.  As to the remainder of the allegations contained in this paragraph, plaintiff is left to his proof.

148.    As to paragraph 147, it is denied that plaintiff is housed in solitary confinement. As to the remainder of the allegations contained in this paragraph, plaintiff is left to his proof.

149.     As to paragraph 148, the responses to paragraphs 1 through 147above is hereby incorporated as the response to this paragraph.

150.     As to paragraph 149, it is denied.

151.     As to paragraph 150, it is denied.

152.     As to paragraph 151, it is denied.

153.     As to paragraph 152, it is denied.

154.     As to paragraph 153, it is denied.

155.     As to paragraph 154, it is denied.

156.     As to paragraph 155, there is no paragraph numbered 155 and therefore no response is made.

157.     As to paragraph 156, it is denied.

158.     As to paragraph 157, it is denied.

159.     As to paragraph 158, it is denied.

160.     As to paragraph 159, the responses to paragraph 1 through 158 are hereby incorporated as the response to this paragraph.

161.     As to paragraph 160, it is admitted that at all times relevant to the complaint the defendants acted within the scope of their employment and under color of state law.  As to the remainder of the allegations contained in this paragraph, they are denied.

162.     As to paragraph 161, it is denied.

163.     As to first paragraph numbered 162, it is denied.

164.     As to second paragraph numbered 162, it is denied.

165.     As to paragraph 163, it is denied.

166.     As to paragraph 164, it is denied.

167.     As to paragraph 165, it is denied.

168.     As to paragraph 166, it is denied.

169.     As to paragraph 167, the responses to paragraphs 1 through 167 are herein incorporated as the response to this paragraph.

170.     As to paragraph 168, it is denied.

171.     As to paragraph 169 it is denied.

172.     As to paragraph 170, it is denied.

173.     As to paragraph 171, it is denied.

174.     As to paragraph 172, the responses to paragraphs 1 through 172 are herein incorporated as the response to this paragraph.

175.     As to paragraph 173, it is denied.

176.     As to paragraph 174, P.A. 12-5 and Conn. Gen. Stat. §18-10b speak for themselves and therefore no response is required.

177.     As to paragraph 175, it is denied.

178.     As to paragraph 176, it is denied.

179.     As to paragraph 177, there is no paragraph numbered 177 and therefore no response is required.

180.     As to paragraph 178, it is denied.

181.     As to paragraph 179, it is denied.

182.     As to paragraph 180, the responses to paragraphs 1 through 179 are herein incorporated as the response to this paragraph.

183.     As to paragraph 181, it is denied.

184.    As to paragraph 182, it is denied.

185.    As to paragraph 183, it is denied.

186.    As to paragraph 184 , it is denied.

187.    As to paragraph 185, it is denied.

188.    As to the Prayer for Relief, defendants deny that plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

To the extent that this action seeks money damages against the defendants in their individual capacity, pursuant to § 1983, they are entitled to the defense of qualified immunity, because at all times they acted with an objective belief that their actions did not violate any clearly established law under the circumstances with which they were faced and their conduct did not violate any clearly established statutory or constitutional laws.

### SECOND AFFIRMATIVE DEFENSE

To the extent this action seeks money damages from the defendants in their official capacities it is barred by the Eleventh Amendment to the United States Constitution.

## THIRD AFFIRMATIVE DEFENSE

This action to the extent it seeks compensatory damages, is barred for lack of any physical injury under the PLRA.  (Prison Litigation Reform Act)

## FOURTH AFFIRMATIVE DEFENSE

Under the PLRA, prisoners are required to properly and fully exhaust administrative remedies as a prerequisite for an action under 42 U.S.C. §1983, and thus this action is barred for failure to exhaust.

## FIFTH AFFIRMATIVE DEFENSE

The complaint fails to state a claim for which relief may be granted.

## SIXTH AFFIRMATIVE DEFENSE

To the extent plaintiff suffered and harm or injury is it as a result of his own actions and not due to the conduct of any of the defendants.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent plaintiff is raising new or novel issues of state law, the Court should decline supplemental jurisdiction over unsettled questions of state law and also decline to interpret matters of state law in the first instance, especially here, where plaintiff has an available state remedy which he has failed to pursue and has failed to exhaust.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent plaintiff has raised claims or made allegations as to these defendants which pertain to incidents alleged to have taken place prior to August 29, 2016, these claims are barred by the Statute of Limitations.

## DEFENDANTS' JURY DEMAND

Pursuant to Rule 38 (a) and Rule 38 (b) Fed. R. Civ. P., the defendants respectfully demand a trial by jury on any and all issues which are triable of right by a jury.


DEFENDANTS
Angel Quiros et al

WILLIAM TONG
ATTORNEY GENERAL


BY: *Madeline A. Melchionne*
Madeline A. Melchionne
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct02029
E-Mail:  madeline.melchionne@ct.gov
Tel.:  (860) 808-5450
Fax:  (860) 808-5591


BY: *Steven R. Strom*
Steven R. Strom
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Tel.:  (860) 808-5450
Fax:  (860) 808-5591
Federal Bar #ct01211
E-Mail:  steven.strom@ct.gov

## CERTIFICATION

I hereby certify that on May 18, 2020, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  A copy was also mailed to the following:

Lazale Ashby #300529
Northern Correctional Institution
287 Bilton Road
PO Box 665
Somers, CT 06071

_/s/ Madeline A. Melchionne_
Madeline A. Melchionne
Assistant Attorney General